UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**BRUTUS DARLING,**
    **Plaintiff,**

  v.                CIVIL ACTION NO. 18-11864-PBS

**COMMONWEALTH OF MASSACHUSETTS**
**LT. DWIGHT SMITH,**
    **Defendants.**

## ORDER

SARIS, Ch.J.                        October 9, 2018

  1.  Plaintiff's copy of his original in forma pauperis motion and prisoner account statement (ECF No. 7) is construed as a renewed *in forma paueris* motion, and that motion is hereby ALLOWED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $ 28.67. The remainder of the fee, $321.33, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the Treasurer's Office at the Suffolk County House of Correction, along with the standard Notice to Prison form. Because plaintiff is a prisoner and proceeding *in forma pauperis*, the complaint is subject to screening pursuant to 28 U.S.C. § 1915 and §1915A.

  2.  All claims for against the Commonwealth of Massachusetts and Lieutenant Dwight Smith in his official capacity are DISMISSED without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(iii) and 28 U.S.C. §1915A. "'[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment'" to the United States Constitution. Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014) (quoting Edelman v. Jordan, 415 U.S. 651, 663 (1974). "This is true whether the named defendant is the state itself or… a state official in her official capacity." Id. Moreover, the Commonwealth has not consented to suit under 42 U.S.C. §1983 in its own or the federal courts,

see Woodbridge v. Worcester State Hosp., 384 Mass. 38, 44–45 (1981), and Section 1983 does not abrogate a state's immunity from suit in federal court. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). The Eleventh Amendment does not, however, bar actions for damages against Lieutenant Dwight Smith in his personal capacity. Summons shall therefore issue against Lieutenant Dwight Smith in his personal capacity.

3. The Clerk shall issue a summons for service of the complaint only on defendant Lieutenant Dwight Smith. The Clerk shall send the summons, complaint, and this Order to the plaintiff, who must thereafter serve defendant Smith in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshals Service. If directed by the plaintiff to do so, the United States Marshals Service shall serve the summonses, complaint, and this Order upon defendant Smith, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. Notwithstanding this Order to the United States Marshal Service, it remains plaintiff's responsibility to provide the United States Marshal Service with all necessary paperwork and service information. Notwithstanding, Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 90 days from the date of this Order to complete service.

**So Ordered.**

   /s/ Patti B. Saris_____
**UNITED STATES DISTRICT JUDGE**